UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PROJECT ON GOVERNMENT OVERSIGHT, INC.<br>1100 13th Street, NW<br>Suit 800<br>Washington, DC 20005,<br><br>          Plaintiff,<br><br>          v.<br><br>U.S. DEPARTMENT OF THE TREASURY,<br>1500 Pennsylvania Avenue, NW<br>Washington, DC 20220,<br><br>          Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:21-cv-02797-DLF |

## ANSWER TO COMPLAINT

Defendant U.S. DEPARTMENT OF TREASURY ("Treasury") answers the Complaint

by Plaintiff Project on Government Oversight, Inc. as follows:

FIRST DEFENSE

Treasury may withhold any responsive records or portions of records exempt from

disclosure pursuant to the exemptions in subsection (b) of the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552, *et seq.*

SECOND DEFENSE

To the extent that records constituting or containing returns or return information of third

parties are responsive to any of the requests that are the subject of the Complaint, under *Glomar*

Defendant can neither confirm nor deny the existence of records that are returns or return

information, including records related to income tax audits of third parties, and related to returns

and return information. To confirm or deny their existence would constitute an unlawful

disclosure of the third parties' returns and/or return information, which 26 U.S.C. § 6103

prohibits, and Treasury therefore exempts from disclosure under 5 U.S.C. § 552(b)(3) ("FOIA Exemption (b)(3)").

### THIRD DEFENSE

To the extent that records constituting or containing returns or return information of third parties are responsive to any of the requests that are the subject of the Complaint and such records exist, Defendant may categorically withhold those records under FOIA Exemption (b)(3) in conjunction with 26 U.S.C. § 6103.

### FOURTH DEFENSE

Plaintiff is neither eligible for nor entitled to an award of attorney's fees or costs.

### FIFTH DEFENSE

Plaintiff is not entitled to any relief beyond that provided under the FOIA.

### SIXTH DEFENSE

Plaintiff is not entitled to declaratory relief under 28 U.S.C. § 2201, *et seq.*

### SEVENTH DEFENSE

Plaintiff is not entitled to expedition of this action under 28 U.S.C. § 1657 and fails to state a claim for which such relief may be granted.

FOR ITS ANSWER, Defendant further responds to the enumerated allegations of the Complaint as follows:

1.      Defendant admits the allegations in the first sentence of Paragraph 1. The remaining allegations in Paragraph 1 consist of Plaintiff's characterization of this lawsuit to which no response is required. To the extent a response is required,  denies all remaining allegations in Paragraph 1.

## JURISDICTION AND VENUE

2.      Defendant admits the allegation in Paragraph 2 that this Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Defendant denies the remaining allegations in Paragraph 2.

3.      Defendant admits the allegations in Paragraph 3.

## PARTIES

4.      Defendant admits that Plaintiff is a section 501(c)(3) organization, but lacks sufficient information or knowledge to admit or deny the remaining allegations in Paragraph 4.

5.      Defendant admits the allegations in the first sentence of Paragraph 5. Defendant lacks sufficient information or knowledge to admit or deny the allegations in the second sentence of Paragraph 5 that the Treasury has control and possession of the records to which Plaintiff seeks access.

## STATUTORY BACKGROUND

6.      The allegations in Paragraph 6 require no response as 5 U.S.C. § 552(a)(3)(A) speaks for itself. To the extent a response is required, Defendant admits the section is correctly quoted.

7.      The allegations in Paragraph 7 require no response as the decision of the Supreme Court of the United States speaks for itself. To the extent a response is required, Defendant admits the decision is correctly quoted.

8.      The allegations in Paragraph 8 require no response because 5 U.S.C. § 552(a)(3)(A) speaks for itself. To the extent a response is required, Defendant admits the section is correctly quoted.

9.      The allegations in Paragraph 9 require no response as Pub. L. No. 93-502, 1974 Senate Report, and D.C. Circuit decision speaks for itself. To the extent a response is required, Defendant admits the sections are correctly quoted.

10.     The allegations in Paragraph 10 require no response as 5 U.S.C. § 552(a)(6)(A)(i) speaks for itself. To the extent a response is required, Defendant denies the allegations.

11.     The allegations in Paragraph 11 require no response as 5 U.S.C. § 552(a)(6)(A)(ii) speaks for itself. To the extent a response is required, Defendant admits the section is correctly quoted.

12.     The allegations in Paragraph 12 require no response as 5 U.S.C. § 552(a)(6)(B)(i) speaks for itself. To the extent a response is required, Defendant denies the allegations.

13.     The allegations in Paragraph 13 require no response as 5 U.S.C. §§ 552(a)(6)(C)(i) and 552(a)(4)(B) speak for themselves. To the extent a response is required, Defendant admits.

## FACTUAL BACKGROUND

14.     Defendant admits the allegations in Paragraph 14 to the extent they correctly state what was reported in the Politico article, but denies all other allegations in Paragraph 14.

15.     Defendant admits the allegations in Paragraph 15 to the extent they correctly state what was reported in the Politico article, but denies all other allegations in Paragraph 15.

16.     Defendant admits the allegations in Paragraph 16 to the extent they correctly state what was reported in the New York Times article, but denies all other allegations in Paragraph 16.

17.     Defendant admits the allegations in Paragraph 17 to the extent they correctly state what was reported in the Washington Post article, but denies all other allegations in Paragraph 17.

18.     Defendant admits the allegations in Paragraph 18 to the extent they correctly state what was reported in the Washington Post article, but denies all other allegations in Paragraph 18.

19.     Defendant admits the allegations in Paragraph 19 to the extent they correctly state what was reported in the Washington Post article, but denies all other allegations in Paragraph 19.

20.     Defendant admits that on February 28, 2020 Plaintiff requested emails and email attachments with the terms identified in Paragraph 20, but denies all other allegations in Paragraph 20.

21.     Defendant admits the allegations in Paragraph 21.

22.     Defendant admits the allegations in Paragraph 22.

23.     Defendant admits the allegations in Paragraph 23.

24.     Defendant denies that its letter dated February 28, 2020 contained Treasury's determination; it admits the remaining allegations in Paragraph 24.

25.     Defendant admits the allegations in Paragraph 25.

26.     Defendant admits the allegations in Paragraph 26.

27.     Defendant lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 27.

28.     The Defendant admits the allegations in Paragraph 28.

## PLAINTIFF'S CLAIM FOR RELIEF

29.    Defendant repeats the answers in the foregoing paragraphs and incorporates them as though fully set forth herein.

30.    Defendant denies the allegations in Paragraph 30.

31.    Defendant denies the allegations in Paragraph 31.

32.    Defendant denies the allegations in Paragraph 32.

The remaining allegations in the Complaint constitute a prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief, or to any relief whatsoever. Defendant further denies all allegations in Plaintiff's Complaint that may not have been expressly admitted or denied.

Dated: January 7, 2022

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Gokce T. Yurekli*
GOKCE T. YUREKLI
Trial Attorney
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel: (202) 598-0581
Fax: (202) 514-6866
Gokce.T.Yurekli@usdoj.gov
*Attorney for the United States of America*

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing ANSWER was filed with the clerk of the court on January 7, 2022, using the CM/ECF system, which will send notification of such filing to all parties appearing in said system.

*/s/ Gokce T. Yurekli*
GOKCE T. YUREKLI
Trial Attorney
U.S. Department of Justice
*Attorney for the United States of America*