UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT ON GOVERNMENT OVERSIGHT, INC.<br>1100 13th Street, NW<br>Suit 800<br>Washington, DC 20005,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>U.S. DEPARTMENT OF THE TREASURY,<br>1500 Pennsylvania Avenue, NW<br>Washington, DC 20220,<br><br>　　　Defendant.<br>_____ | Case No. 1:21-cv-02797-DLF |

**BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT OF DEFENDANT**

## TABLE OF CONTENTS

BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT ......... 1

BACKGROUND ............................................................................................................................ 2

LEGAL STANDARD .................................................................................................................... 3

ARGUMENT .................................................................................................................................. 3

    I.   Treasury conducted an adequate search. ............................................................................ 3

    II.  If plaintiff no longer challenges Treasury's search, this FOIA case is moot because Treasury released all the records it located, and the issue of exemptions from disclosure is not before the Court. ..................................................................................................................... 8

CONCLUSION ............................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases** ................................................................................................................................**Page(s)**

*Barouch v. U.S. Dep't of Justice*,
   962 F. Supp. 2d 30 (D.D.C. 2013) ..............................................................................................4

*Conservation Force v. Ashe*,
   979 F. Supp. 2d 90 (D.D.C. 2013) ..............................................................................................8

*Crooker v. United States State Dep't*,
   628 F.2d 9 (D.C. Cir. 1980) ........................................................................................................8

*Dillon v. U.S. Dep't of Justice*,
   444 F. Supp. 3d 67 (D.D.C. 2020) ..............................................................................................4

*Exxon Corp. v. Federal Trade Comm.*,
   466 F. Supp. 1088 (D.D.C.1978) ................................................................................................4

*Jennings v. U.S. Dep't of Justice*,
   230 F. App'x 1 (D.C. Cir. 2007) .................................................................................................3

*Judicial Watch, Inc. v. United States Dep't of Health & Human Servs.*,
   27 F. Supp. 2d 240 (D.D.C. 1998) ..............................................................................................4

*Kissinger v. Reporters Comm. for Freedom of the Press*,
   445 U.S. 136 (1980) ...................................................................................................................8

*Meeropol v. Meese*,
   790 F.2d 942 (D.C. Cir. 1986) ....................................................................................................4

*Oglesby v. U.S. Dep't of the Army*,
   920 F.2d 57 (D.C. Cir. 1990) ......................................................................................................4

*Perry v. Block*,
   684 F.2d 121 (D.C. Cir. 1982) ....................................................................................................8

*Pinson v. Dep't of Justice*,
   313 F. Supp. 3d 88 (D.D.C. 2018) ..............................................................................................4

*Prop. of the People, Inc. v. Off. of Mgmt. & Budget*,
   330 F. Supp. 3d 373 (D.D.C. 2018) ............................................................................................3

*Trans Union LLC v. Fed. Trade Comm'n*,
   141 F. Supp. 2d 62 (D.D.C. 2001) ..........................................................................................4, 7

*Valencia–Lucena v. U.S. Coast Guard*,
   180 F.3d 321 (D.C. Cir. 1999) ....................................................................................................4

*West v. Spellings*,
   539 F. Supp. 2d 55 (D.D.C. 2008) (dismissing Count I of the Complaint as
   moot "because [the agency] released the records requested")...................................................8

*Wickwire Gavin, P.C. v. U.S. Postal Serv.*,
   356 F.3d 588 (4th Cir. 2004) .........................................................................................3

**Statutes**................................................................................................................... **Page(s)**

5 U.S.C. § 552(a)(4)(B) ........................................................................................................8

FOIA ............................................................................................................................ *passim*

Freedom of Information Act (FOIA) ....................................................................................1

Mr. Dodson is an Attorney-Advisor in the General Law.............................................2, 5

**Other Authorities** .................................................................................................. **Page(s)**

Fed. R. Civ. P. 56(a) ...........................................................................................................3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT ON GOVERNMENT OVERSIGHT, INC.<br>1100 13th Street, NW<br>Suit 800<br>Washington, DC 20005,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE TREASURY,<br>1500 Pennsylvania Avenue, NW<br>Washington, DC 20220,<br><br>    Defendant. | Case No. 1:21-cv-02797-DLF |

**BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT OF DEFENDANT**

Defendant U.S. Department of Treasury ("Treasury") moves for summary judgment in this Freedom of Information Act (FOIA) case because Treasury released all records responsive to plaintiff Project on Government Oversight, Inc.'s FOIA request. In response to that FOIA request, Treasury conducted an adequate and reasonable search and located six pages of responsive records. Treasury released all six pages to plaintiff with minimal redactions on portions exempt from disclosure under the FOIA. The parties previously agreed the only issue here is whether Treasury conducted an adequate search for the records responsive to plaintiff's FOIA request. Because it has complied with its obligations to search and release records under FOIA, and the Court does not have to adjudicate exemptions from disclosure, Treasury requests that the Court enter summary judgment in its favor. If after considering Treasury's motion and evidence plaintiff no longer challenges the adequacy of the search, then Treasury also asks the Court to dismiss this suit as moot.

## BACKGROUND

Treasury incorporates by reference its Statement of Undisputed Material Facts ("SUMF"), which it submits with this motion for summary judgment.

At issue is this case is a FOIA request plaintiff submitted on February 28, 2020. (SUMF, ¶ 1; Exhibit A). In that request, plaintiff sought "emails and email attachments since July 1, 2019 mentioning the terms 'Ways and Means', 'Grassley', 'Wyden', 'finance.senate.gov', or 'Trump' in conjunction with the following terms (excluding the quotation marks): 'evidence of possible misconduct', 'inappropriate efforts to influence', 'IRM 4.2.1.11', 'Processing Returns and Accounts of the President and Vice President', 'IRM 4.8.4.2.5', 'Audit of President and Vice President', 'IRM 11.3.30', 'Disclosure to the President', or 'whistleblower'". (*Id.*). The request listed these seven senior Treasury officials whose email accounts plaintiff wanted searched: "Secretary Mnuchin, Deputy Secretary Muzinich, General Counsel Callanan, Assistant Secretary for Tax Policy Kautter, Assistant Secretary for Legislative Affairs McGuire, Counselor to the Secretary Kowalski, [and] Counselor to the Secretary Lerrick." (*Id.*) Plaintiff asked that the scope of the request include "all emails sent and received on official email accounts, as well as any other non-official email accounts or communication applications, including personal and campaign email accounts such as Gmail and personal phones that have been used to conduct official business." (*Id.*)

Richard S. Dodson ("Dodson") was assigned to prepare Treasury's response to plaintiff's FOIA request. (SUMF, ¶ 5). Mr. Dodson is an Attorney-Advisor in the General Law, Ethics and Regulation section of the Office of the General Counsel at Treasury. (*Id.*).

Mr. Dodson began to search for responsive records on December 6, 2021. (*Id.* at ¶ 6). That search is described in detail below. By email on May 16, 2022, Mr. Dodson produced three

documents totaling six pages of responsive records to plaintiff, minor parts of which were redacted under FOIA exemptions (b)(5) and (b)(6).  (*Id.* at ¶ 13).

Following this production, plaintiff asked for an explanation of how Treasury conducted its search.  (*Id.* at ¶ 14).  Through undersigned counsel, Treasury informally provided plaintiff a document describing its search.  (*Id.* at ¶ 15).  But plaintiff continued to challenge the adequacy of Treasury's search.  Plaintiff does not challenge Treasury's exemptions from disclosure.  (*Id.* at ¶ 16).  Thus, the exemption issue is not before this court.  (*Id.* at ¶ 16-17; Doc. No. 11, ¶ 3).

## LEGAL STANDARD

Summary judgment is the procedural vehicle by which nearly all FOIA cases are resolved.  *Wickwire Gavin, P.C. v. U.S. Postal Serv.*, 356 F.3d 588, 591 (4th Cir. 2004).  In general, summary judgment is appropriate "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In a FOIA suit, as applicable here, summary judgment is appropriate "if no material facts are genuinely in dispute and the agency demonstrates that its search for responsive records was adequate…."  *Prop. of the People, Inc. v. Off. of Mgmt. & Budget*, 330 F. Supp. 3d 373, 380 (D.D.C. 2018) (citation omitted); *see also* Fed. R. Civ. P. 56(a).

## ARGUMENT

### I. Treasury conducted an adequate search.

Treasury conducted an adequate search consisting of a reasonable search methodology.  "[T]he adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search."  *Jennings v. U.S. Dep't of Justice*, 230 F. App'x 1, 1 (D.C. Cir. 2007) (quotations omitted).  "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was

3

reasonably calculated to uncover all relevant documents." *Valencia–Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (internal quotation omitted).

The agency need not conduct a perfect search. *See Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986). Instead, it must show it "conduct[ed] a good faith, reasonable search of those systems of records likely to possess the requested records." *Pinson v. Dep't of Justice*, 313 F. Supp. 3d 88, 107 (D.D.C. 2018) (citation omitted). To make this showing, an agency must submit "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). The burden then "shifts to the FOIA requester to produce countervailing evidence suggesting that a genuine dispute of material fact exists as to the adequacy of the search." *Dillon v. U.S. Dep't of Justice*, 444 F. Supp. 3d 67, 89 (D.D.C. 2020) (quoting *Pinson*, 313 F. Supp. 3d at 107 (internal quotation marks omitted)).

Agency affidavits "are afforded a presumption of good faith, and can be rebutted only with evidence that the agency's search was not made in good faith." *Barouch v. U.S. Dep't of Justice*, 962 F. Supp. 2d 30, 53 (D.D.C. 2013) (internal quotations and citations omitted). "In cases where documents are collected from several different offices, unit-specific descriptions are not required, and the affidavit of the officer ultimately responsible for the supervision of the FOIA search is sufficient." *Trans Union LLC v. Fed. Trade Comm'n*, 141 F. Supp. 2d 62, 68-69 (D.D.C. 2001) (citing *Judicial Watch, Inc. v. United States Dep't of Health & Human Servs.*, 27 F. Supp. 2d 240, 244 (D.D.C. 1998)); *see also Judicial Watch*, 27 F. Supp. 2d at 241, 244 (finding search adequate where the agency forwarded request to appropriate offices with instructions to conduct searches for responsive documents); *Exxon Corp. v. Federal Trade Comm.*, 466 F. Supp. 1088, 1094 (D.D.C.1978) (finding search was adequate where "[a]ll the

offices that could have been in possession of responsive documents were sent copies of the request with instructions to search for responsive documents").

Treasury's search for records responsive to plaintiff's FOIA request was adequate. Richard S. Dodson was assigned to plaintiff's FOIA request. Mr. Dodson is an Attorney-Advisor in the General Law, Ethics and Regulation section of the Office of the General Counsel at Treasury. (Declaration of Richard S. Dodson ("Dodson Decl."), ¶ 1). His work at Treasury mainly involves FOIA litigation. (*Id.*)

Mr. Dodson began his search on December 6, 2021, by submitting a search request to the Enterprise Content Management ("ECM") within the Office of the Chief Information Officer ("OCIO"). (*Id.* at ¶ 5). In that search request, Mr. Dodson used all of the same search terms and custodians provided in plaintiff's FOIA request. (*Id.*). The date range was July 1, 2019 (same as plaintiff's request) and January 20, 2021. (*Id.*). Mr. Dodson used January 20, 2021 as the end date because all the custodians plaintiff had requested searched were political figures, whose tenure ended that day. (*Id.* at ¶ 5, n. 1).

ECM team consists of full-time federal employees and contractors who operate NUIX Discover, the software Treasury uses for e-discovery. (*Id.* at ¶ 6). The team performs an in-depth search of electronic data using NUIX Workstation. (*Id.*). NUIX Workstation is the leading technology for extracting information of high-volume, unstructured, semi-structured, and structured data.[1] (*Id.*). That extracted information is then ingested into NUIX Discover — a powerful

---

[1] Structured data is predefined or formatted data before it's placed in data storage that the computer creates. An example would be an Excel spreadsheet. Unstructured data is data in its native form. An example would be Treasury newsclips. Semi-structured data includes photos, videos and similar type data. (*Id.* at ¶ 6, n. 2).

eDiscovery software tool used to perform end-to-end review, analytics, and predictive coding of relevant data from identified sources or custodians based on specific search terms, date ranges, and other related information. (*Id.*).

In this case, ECM team pulled the accounts for the requested custodians for the date range requested. (*Id.* at ¶ 7). The personal storage tables (psts) were pulled, which consist of emails and all associated attachments. (*Id.*). The search terms were then applied to the documents in NUIX Workstation. (*Id.*). Those documents responsive to the search criteria as well as any source documents or attachments were then ingested into NUIX Discover for Mr. Dodson to review, code, and redact. (*Id.*).

Treasury lacks access to the personal email accounts of the custodians in plaintiff's request (or of any officer or employee of the Department). (*Id.* at ¶ 8). But Treasury has a policy that requires employees who conduct official business on personal email accounts to copy or forward such messages to their official Treasury email account within 20 days. (*Id.*). Thus, any email or attachment potentially responsive to plaintiff's request, whether conducted on a private account or on Treasury's network, was captured in the search Treasury conducted. (*Id.* at ¶ 9).

Mr. Dodson personally reviewed each document retrieved from NUIX Discovery, coded them as responsive or not responsive, and applied any applicable exemptions to the responsive documents. (*Id.* at ¶ 7, n. 3). Three documents, totaling six pages were found to be responsive and were produced to plaintiff on May 16, 2022. (*Id.*) By request of plaintiff, through undersigned counsel, Treasury also emailed plaintiff another letter on May 24, 2022 describing its search for electronic records potentially responsive to plaintiff's FOIA request. (SUMF, ¶ 15; Declaration of Gokce T. Yurekli, ¶ 3; Doc. No. 11, ¶ 2).

As analyzed above, Treasury's search for records responsive to plaintiff's FOIA request was adequate. In support of the reasonableness of the search, and consistent with *Trans Union LLC* and longstanding decisions in this jurisdiction, Treasury submits the declaration of Mr. Dodson, who supervised the search. (*See* Dodson Dec.) In his declaration, Mr. Dodson gave a detailed description of how he searched and found documents responsive to plaintiff's request, including identifying the team that found the documents and reviewing documents himself.

Mr. Dodson's affidavit also shows Treasury searched its relevant electronic database, which collects and stores the agency's information related to custodians listed on the FOIA request. Mr. Dodson explained the scope and contents of the database searched. For instance, to provide plaintiff with complete and target-specific data, Mr. Dodson used the same search terms and custodians listed on the FOIA request to obtain all responsive records. Mr. Dodson then conducted manual review of these records.

This Court has held that similar searches for records were adequate under FOIA. For instance, in *Trans Union*, the official who coordinated the search for records "[gave] a detailed description of the process by which she found documents responsive to plaintiff's request, including identifying all FTC employees who might have responsive documents, reviewing certain documents herself, and requesting that FTC employees forward all responsive documents to her." *Trans Union*, 141 F. Supp. 2d at 69. Noting that "[s]imilar search methods have been sustained as sufficient," the Court found that "[t]he agency has met its initial burden to demonstrate the adequacy of the search. Plaintiff can only rebut this showing with evidence that the agency's search was not made in good faith." *Id*. (citation omitted).

Similarly, this Court should conclude that the search for records responsive to plaintiff's FOIA request was adequate. Treasury is thus entitled to summary judgment.

**II.     If plaintiff no longer challenges Treasury's search, this FOIA case is moot because Treasury released all the records it located, and the issue of exemptions from disclosure is not before the Court.**

Under the FOIA, federal jurisdiction depends on a showing that the agency has withheld agency records improperly. *See* 5 U.S.C. § 552(a)(4)(B) (stating that the district court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant"); *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980). "Once the records are produced[,] the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made." *Crooker v. United States State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980); *see Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982) ("[H]owever fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform."); *see also West v. Spellings*, 539 F. Supp. 2d 55, 61 (D.D.C. 2008) (dismissing Count I of the Complaint as moot "because [the agency] released the records requested").

If however, plaintiff continues to challenge the search after considering the evidence Treasury filed with this motion, then this suit is not moot. *See, e.g.*, *Conservation Force v. Ashe*, 979 F. Supp. 2d 90, 96 (D.D.C. 2013) ("In the FOIA context, . . . a court maintains jurisdiction even after an agency releases documents when other related issues, such as the proper scope of the agency's search, remain unresolved.").

Here, Treasury has released all responsive records to plaintiff with minimal redactions on portions exempt from disclosure under the FOIA. (SUMF, ¶ 13). Plaintiff does not dispute these exemptions. (*Id.* at ¶ 16-17). Because Treasury has released all records plaintiff requested and its evidence shows it conducted an adequate search, Treasury has met its burden under the FOIA.

## CONCLUSION

Treasury conducted an adequate search for records responsive to plaintiff's FOIA request. Thus, Treasury respectfully requests that this Court grant its motion for summary judgment and dismiss this suit with prejudice.

Dated: August 4, 2022

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Gokce T. Yurekli*
GOKCE T. YUREKLI
Trial Attorney
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel: (202) 598-0581
Fax: (202) 514-6866
Gokce.T.Yurekli@usdoj.gov
*Attorney for the U.S. Department of Treasury*