UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT ON GOVERNMENT OVERSIGHT, INC.<br>1100 13th Street, NW<br>Suit 800<br>Washington, DC 20005,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE TREASURY,<br>1500 Pennsylvania Avenue, NW<br>Washington, DC 20220,<br><br>    Defendant. | Case No. 1:21-cv-02797-DLF |

**BRIEF IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

As Defendant U.S. Department of Treasury ("Treasury") showed in its motion for summary judgment, it has complied with its obligations under the Freedom of Information Act (5 U.S.C. § 552) ("FOIA) by conducting an adequate search and releasing all records responsive to Plaintiff Project on Government Oversight, Inc.'s ("POGO") request.  The parties limited their summary judgment briefing solely to whether the Service conducted an adequate search.  (Doc. No. 11, ¶ 3).  The Treasury fulfilled its obligations under the FOIA to search for responsive records to Plaintiff's request.

The D.C. Circuit has held that under FOIA, an agency must undertake a search that is "reasonably calculated to uncover all relevant documents."  *Morley v. CIA*, 508 F.3d 1108, 1114 (D.C. Cir. 2007) (quoting *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)).  The agency must document its search by providing a "reasonably detailed" affidavit describing the scope of that search.  *Iturralde v. Comptroller of the Currency*, 315 F.3d 311,

313–14 (D.C. Cir. 2003). "Agency affidavits enjoy a presumption of good faith, which will withstand purely speculative claims about the existence and discoverability of other documents." *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981). If the agency has produced such reasonably detailed affidavit describing its search, the burden shifts to the FOIA requester to produce "countervailing evidence" of a genuine dispute of material fact as to the adequacy of the search. *Morley*, 508 F.3d at 1116.

Here, the Treasury has declared via the declaration of Richard S. Dodson, Attorney-Advisor in the General Law, Ethics and Regulation, who oversaw the search and review in response FOIA request for Defendant Treasury, that it has made a good faith effort to find responsive documents thus meeting the requirement established by *Morley* and *Weisberg*. Plaintiff here challenges the adequacy of the Treasury's search without providing any countervailing evidence.

Plaintiff makes five arguments. First, it questions how the Treasury reduced the number of responsive documents to only three documents totaling six pages. Second, it posits that the Treasury had a duty to look for personal emails, and its refusal to do so represents a fundamental flaw in its search. Third, it complains the Treasury added unwarranted gloss to its request rendering the search inadequate. Fourth, it speculates that more responsive documents exist considering the press attention around the issue that is the subject of its FOIA request. Finally, it claims the Treasury's assertion of *Glomar* questions whether the Treasury has conducted an adequate search. These arguments are meritless as discussed below.

In its first argument, Plaintiff alleges the Treasury failed to explain how it reduced 1,741 potentially responsive documents to only three. (Doc. No. 11 at 9). The lack of such information does not undermine the adequacy of the search. Plaintiff also has identified no

authority showing that such representation is necessary to enable the Court to review the adequacy of the search.  In judging the adequacy of an agency search for documents, the relevant question is whether the agency has "demonstrated that it has conducted a 'search reasonably calculated to uncover all relevant documents.'"  *Ethyl Corp. v. United States Envtl. Prot. Agency*, 25 F.3d 1241, 1246 (4th Cir. 1994) (quoting *Weisberg*, 705 F.2d at 1350–51).  This can be achieved by an affidavit that explains the search terms and the search methods performed.  *Id*. at 1247.

To meet this burden, the Treasury submitted the declaration of Mr. Dodson who conducted to the search.  (Doc. No. 12-4).  Mr. Dodson explained the scope of the search, the records system searched, the team involved in the search, and the search terms used.  Plaintiff's allegation that the Treasury failed to include "whistleblower" as a search term, *see* Doc. No. 13 at 9, is simply wrong.  In his declaration, Mr. Dodson affirmed that the term was in the search and provided a copy of the search request form showing that "whistleblower" was among the search terms.  (Doc. No. 12-4, ¶ 3, 5; Doc. No. 12-6).  Plaintiff provides no basis for this Court to disbelieve Mr. Dodson's statement or the search form.

In its second argument, Plaintiff contends the Treasury's search was inadequate because it did not search the custodians' personal email accounts.  (Doc. No. 13 at 9).  Plaintiff again misplaces a presumption courts accord agencies pertaining to search of personal emails of agency employees.  "[T]he presumption applies that agency employees comply with applicable law and, consequently, that agency records responsive to a FOIA request would unlikely be located solely in their personal email accounts, rendering a search of those accounts unnecessary."  *Wright v. Admin. for Child. & Fams*., No. CV 15-218, 2016 WL 5922293, at *8 (D.D.C. Oct. 11, 2016); *see also*, *Bracy v. Gramley*, 520 U.S. 899, 909 (1997) ("Ordinarily, we

3

presume that public officials have 'properly discharged their official duties.'") (citation omitted); *Stone v. Stone*, 136 F.2d 761, 763 (D.C. Cir. 1943) ("In an action which challenges the conduct of a public officer, a presumption of law is indulged in his favor that his official duties were properly performed.").

As Mr. Dodson explained in his declaration, the Treasury has a policy that requires employees who conduct official business on their personal email accounts to copy or forward these messages to their official Treasury email account within 20 days. (Doc. No. 12-4, ¶ 8). This policy is also required by federal law. *See* 36 C.F.R. § 1236.22(b). Any email responsive to Plaintiff's FOIA request was captured in the search the Treasury conducted. (*Id*. at 9).

Plaintiff's reference to *Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 146 (D.C. Cir. 2016), is unavailing. While *Competitive Enterprises* established that agency employees' communications on non-agency accounts may constitute "agency records" subject to the FOIA, "a FOIA requestor is not entitled to a search of files specified by the requestor, but rather to a search of files 'that are likely to turn up the information requested.'" *Tunchez v. U.S. Dep't of Justice*, 715 F. Supp. 2d 49, 54 (D.D.C. 2010). *Competitive Enterprises* suggests that this presumption may be rebutted, *e.g*., by a show of clear evidence that the custodian sent and received work-related correspondence on his personal account or that the custodian was late in forwarding emails from his personal account to his official account, beyond the twenty-day period required by federal law. *See Brennan Ctr. for Just. at New York Univ. Sch. of L. v. U.S. Dep't of Just.*, 377 F. Supp. 3d 428, 435 (S.D.N.Y. 2019); *Competitive Enter. Inst.*, 827 F.3d at 146. Plaintiff has pointed to no such evidence in this case. Thus, Plaintiff's purely speculative contentions cannot render the Treasury's search inadequate. *See Wright*, No. 15-218, at *8–9 & n.5 (rejecting "the plaintiff's purely speculative contentions" that personal email was used

because "[t]he plaintiff misconstrues the nature of his burden to submit 'countervailing evidence' to raise a 'substantial doubt' as to the adequacy of the agency's search" and "the plaintiff has not overcome the presumption that agency records are unlikely to exist on the agency employees' personal accounts"). Because the Treasury's search was reasonably calculated to uncover duplicates of all records located in the custodians' personal email accounts, and Plaintiff has not rebutted that presumption, the Treasury's search was adequate.

In its third argument, Plaintiff contends the Treasury's search was inadequate because the Treasury added an unwarranted gloss to the request by "searching only for those records that in Treasury's view reveal how Treasury leadership responded to the whistleblower's allegations." (Doc. No. 13 at 10-11). This contention is untrue. Generally, "[f]ederal agencies have discretion in crafting a list of search terms that 'they believe[ ] to be reasonably tailored to uncover documents responsive to the FOIA request.'" *Agility Public Warehousing Co. K.S.C. v. Nat'l Sec. Agency*, 113 F. Supp. 3d 313, 339 (D.D.C. July 10, 2015) (quoting *Physicians for Human Rights*, 675 F. Supp. 2d 149, 164, (D.D.C. 2009)). When the search terms are reasonably calculated to lead to responsive documents, a court should neither "micro manage" nor second guess the agency's search. *Id.*; *see also Johnson v. Exec. Off. for U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002) ("FOIA, requiring as it does both systemic and case-specific exercises of discretion and administrative judgment and expertise, is hardly an area in which the court should attempt to micromanage the executive branch.").

The Treasury used all the same terms identified in Plaintiff's FOIA request. (Doc. Nos. 12-4, ¶ 5; 12-5; 12-6). Plaintiff still challenges the search by alleging that its request "*did not ask* for records 'which informed readers about how Treasury leadership is responding to allegations by a whistleblower that involve the President.'" (Doc. No. 13 at 10) (emphasis added). In fact,

Plaintiff's asked for exactly that — verbatim — in its FOIA request. (See Doc. No. 12-5 at 2). The terms selected by the Treasury were identical to the terms in Plaintiff's FOIA request. The only difference is that the Treasury added a "cut-off" date of January 20, 2021 to delineate the scope of the FOIA request. That date was chosen because the custodians Plaintiff had requested that Treasury search were political figures, whose tenures ended on January 20, 2021. (Doc. No. 12-4, ¶ 5, n. 1). That was within the Treasury's discretion.

In its fourth argument, Plaintiff speculates that additional responsive documents must exist given the press attention around the subject matter of its FOIA request. (Doc. No. 13 at 11). An agency's "failure to turn up a particular document, or mere speculation that as yet uncovered documents might exist," however, "does not undermine the determination that the agency conducted an adequate search for the requested records." *Wilbur v. CIA*, 355 F.3d 675, 678 (D.C. Cir. 2004). Plaintiff's assertion that more records must have existed is "simply conjecture" and is "insufficient to justify a finding that the search was inadequate." *Media Research Ctr. v. Dep't of Justice,* 818 F. Supp. 2d 131, 138 (D.D.C. 2011); *see also SafeCard Servs. v. Sec. Exch. Comm'n*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) ("Mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested records.").

Consistent with *Wilbur* and *Safecard* cases, the Treasury's search was reasonable. That the search did not ultimately identify the documents Plaintiff hoped to obtain cannot not undermine the reasonableness of its search because an agency's non-identification of records is not the standard measure of an adequate search under the FOIA.

In its fifth and final argument, Plaintiff claims the Treasury's assertion of *Glomar* and Exemption 3 with 26 U.S.C. § 6103 questions whether it has conducted an adequate search.

(Doc. No. 13 at 11-12).  Plaintiff's FOIA request asked for records implicating a whistleblower and "to protect whistleblowers in cases where disclosure of the existence of records could lead to their identification, [an agency] must assert *Glomar* whenever an informant is involved." *Montgomery v. Internal Revenue Serv.*, 330 F. Supp. 3d 161, 170–71 (D.D.C. 2018).  The Treasury properly asserted Glomar in its answer to the complaint to ensure it did not waive it as a defense.  Similarly, the Treasury asserted Section 6103 in its answer to ensure it did not waive it as a defense given the content of the FOIA request.

      The propriety of the exemptions from disclosure is not before this Court; only the adequacy of Treasury's search is.  The Treasury's assertion of a *Glomar* response in the answer or the status reports does not affect the adequacy of its search, which is the only issue before this Court.  Also none of the records produced by the Treasury were redacted under Exemption 3.  An agency's assertion of different defenses in its responsive pleading, particularly ones pertaining to exemptions from disclosure, have no bearing on evidence pertaining to the adequacy of its search.  The standards for measuring the adequacy of agencies' searches are different from the standards for adjudging the propriety of exemptions from disclosure.  Thus, Plaintiff's use of exemptions from disclosure to challenge the adequacy of the Treasury's search is legally unsound.

      For these reasons, the Court should grant Defendant's motion for summary judgment.


[*signature line on next page*]

Dated: September 16, 2022	DAVID A. HUBBERT
	Deputy Assistant Attorney General

	*/s/ Gokce T. Yurekli*
	GOKCE T. YUREKLI
	Trial Attorney
	U.S. Department of Justice
	P.O. Box 227
	Washington, D.C. 20044
	Tel: (202) 598-0581
	Fax: (202) 514-6866
	Gokce.T.Yurekli@usdoj.gov
	*Attorney for the U.S. Department of Treasury*